IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

QATAR INVESTMENT & PROJECTS
DEVELOPMENT HOLDING COMPANY W.L.L.
and HIS HIGHNESS SHEIKH HAMAD BIN
ABDULLAH BIN KHALIFA AL-THANI,

            Plaintiffs,

v.

JOHN DOE,

           Defendant.

OPINION & ORDER

17-cv-553-jdp

---

      Plaintiffs Qatar Investment & Projects Development Holding Company W.L.L. (QIPCO) and its chief executive officer, His Highness Sheikh Hamad bin Abdullah bin Khalifa al-Thani, filed this defamation lawsuit against the unknown owners and operators of "The Muslim Issue" blog concerning a two-year-old blog post falsely accusing al-Thani of sexually abusing underage girls in the Czech Republic. The post discussed criminal charges against Hamad bin Abdallah bin *Thani* al-Thani, but posted a picture of Hamad bin Abdallah bin *Khalifa* al-Thani. The court granted plaintiffs two rounds of early discovery to identify and serve the defendant author of the offending post, who writes anonymously. Dkt. 6; Dkt. 8; Dkt. 17. The court denied plaintiffs' motion for leave to serve defendant by email or direct messaging without prejudice. Dkt. 17. The court also granted plaintiffs' motion for a temporary restraining order and later extended the TRO. Dkt. 17 and Dkt. 23. The TRO currently in effect requires Automattic, Inc., Twitter, and Tumblr to remove any text or photos that insinuate that Khalifa al-Thani or QIPCO are connected to the charges against Hamad bin Abdullah bin Thani al-Thani. Dkt. 23.

Now plaintiffs move to modify the TRO. Dkt. 27. They explain that Automattic, which hosts The Muslim Issue, refuses to remove a September 27, 2017 post on The Muslim Issue concerning plaintiffs, plaintiffs' counsel, and this lawsuit and a republication of that post on a related blog, "Lake McLaren," also hosted by Automattic. According to plaintiffs, Automattic will remove the posts on both blogs only if the court (1) modifies the TRO to require *defendant*, not Automattic, to remove the posts and (2) lists the URLs for both posts in the TRO.

The court will deny plaintiffs' motion because the current TRO is adequate. No modification is necessary. It appears that plaintiffs' "consented motion" to modify the TRO is actually a vehicle for Automattic to challenge the TRO without appearing in the case—plaintiffs explain that Automattic "contends that under *Blockowicz v. Williams*, 630 F.3d 563, 568 (7th Cir. 2010), Automattic is not among the categories of nonparties that can be named under Rule 65, and that the order should instead enjoin Defendant." Dkt. 27, at 3. *Blockowicz* is not on point here—in that case, the Seventh Circuit held that a third-party website host could not be compelled to remove defamatory content from the website under a permanent injunction enjoining the defendant, not the website host (the form of injunction that Automattic says it will comply with). 630 F.3d at 565–66. The current form of the TRO is correct. *See* Dkt. 17, at 3 ("[T]he district court has broad authority under Rule 65 to enjoin third parties who receive appropriate notice of the court's injunctive order." (quoting *H-D Michigan, LLC v. Hellenic Duty Free Shops S.A.*, 694 F.3d 827, 842 (7th Cir. 2012))); *accord ADT Sec. Servs., Inc. v. Lisle-Woodridge Fire Prot. Dist.*, 724 F.3d 854 (7th Cir. 2013) (suggesting that the district court consider modifying an injunction to apply directly to a third party rather than the defendant).

Should Automattic wish to challenge the TRO, "it is free to seek a modification or clarification from the district court." *H-D Michigan*, 694 F.3d at 842. But it must do so directly,

like the third parties in *Blockowicz* and *ADT*. To that end, the court will hold a hearing on whether to extend or modify the TRO, which will expire on October 17, 2017. Plaintiffs should be prepared to address their other pending motions at the hearing.

ORDER

IT IS ORDERED that:

1. Plaintiffs Qatar Investment & Projects Development Holding Company W.L.L. (QIPCO) and His Highness Sheikh Hamad bin Abdullah bin Khalifa al-Thani's motion to modify the temporary restraining order, Dkt. 27, is DENIED.

2. The temporary restraining order, Dkt. 23, remains in effect.

3. The court will hold a hearing on whether to extend or modify the TRO and plaintiffs' remaining motions on October 17, 2017, at 3:00 p.m.

Entered October 12, 2017.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge