UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

QATAR INVESTMENT & PROJECTS
DEVELOPMENT HOLDING COMPANY W.L.L. (QUIPCO)

and

HIS HIGHNESS SHEIKH HAMAD BIN ABDULLAH BIN KHALIFA AL-THANI

    Plaintiffs,

v.                                           Case No. 17-CV-553-jdp

JOHN DOE
a/k/a "The Muslim Issue"

    Defendant.

## NON-PARTY AUTOMATTIC, INC.'S RESPONSE TO
## PROPOSED PRELIMINARY INJUNCTION

Automattic Inc. ("Automattic"), a non-party to the above-captioned matter, respectfully requests that the Court modify its proposed preliminary injunction in three ways: (1) By extending the time for Automattic to act to three business days rather than 24 hours; (2) by requiring Plaintiffs to notify the Court if there is a dispute regarding any posts Plaintiffs believe should be taken down; and (3), in light of Defendant's communication with the Court and the order allowing email service, by directing the Defendant to remove posts rather than third-party Automattic.

First, Automattic respectfully requests that the Court allow three business days for Automattic to act in response to notifications by Plaintiffs. Automattic's legal team is small and if the notice occurred on a weekend or during a time when Automattic's outside or inside counsel is traveling, it would be difficult to evaluate the Plaintiffs' request and to notify the Court of a dispute within 24 hours. Therefore, Automattic requests that the Court extend the response time.

Second, since Plaintiffs have the burden of demonstrating that any post is defamatory, and as Automattic is a non-party, Automattic requests that the proposed injunction be modified to require Plaintiffs to notify the Court of any dispute regarding new posts. This would ensure that Plaintiffs carry their burden of proof and would reduce the burden on nonparty Automattic in complying with the injunction.

Finally, Automattic requests that the Court reconsider its decision to include nonparty Automattic in the injunction, as Defendant has contacted the Court and the Court has authorized service by email. This dispute is between Plaintiffs and Defendant, and as the case goes forward it is appropriate for Defendant to remove any content found to be defamatory rather than nonparty Automattic and that Defendant address whether content should or should not be removed. Automatic is neither an agent of nor in active participation with Defendant. Therefore, Automattic respectfully requests that it be removed from the proposed preliminary injunction for all of the reasons previously cited to the Court.

Dated this 23rd day of October, 2017.

BOARDMAN & CLARK LLP

*/s/ Richard L. Bolton*
Richard L. Bolton, SBN 1012552
One South Pinckney Street, Suite 410
Madison, Wisconsin 53703-4256
608-257-9521 | 608-283-1709 fax

Mindy Morton
Procopio, Cory, Hargreaves & Savitch LLP
650.645.9020 | 650.687.8320 fax
1117 S. California Ave, Suite 200
Palo Alto, CA 94304

*Attorneys for Non-Party Automattic, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 23, 2017, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification of such filing to all attorneys of record registered for electronic filing

2