IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

QATAR INVESTMENT & PROJECTS
DEVELOPMENT HOLDING COMPANY W.L.L.
and HIS HIGHNESS SHEIKH HAMAD BIN
ABDULLAH BIN KHALIFA AL-THANI,

                Plaintiffs,

   v.

JOHN DOE,

               Defendant.

ORDER

17-cv-553-jdp

---

At a January 9, 2018 hearing on plaintiffs' motion for default judgment, the court gave plaintiffs until February 8 to provide the court with (1) authority indicating that it may enter default judgment despite having good reason to question the basis for subject matter jurisdiction or (2) information showing that plaintiffs are pursuing a productive avenue of discovery that will likely yield information about defendant's citizenship to establish diversity jurisdiction. It warned plaintiffs that if they did not provide one of these two items, the court would dismiss the case for lack of subject matter jurisdiction. *See* Dkt. 60. On February 8, plaintiffs responded to the court not with the requested information but with a motion to stay the case for a year, explaining that they cannot find authority supporting entry of default judgment and they are reluctant to expend further resources on discovery, but they don't want to "start all over" if defendant resumes its defamatory conduct in the future. Dkt. 61, at 2.

The court is disinclined to let cases lie fallow for so long. And here, there's no need to do so. "A dismissal for lack of subject matter jurisdiction is not on the merits" and therefore is without prejudice. *Murray v. Conseco, Inc.*, 467 F.3d 602, 605 (7th Cir. 2006). The court will

dismiss the case without prejudice to plaintiffs' reopening upon a showing of good cause such as a productive avenue of discovery likely to yield information about defendant's citizenship to establish diversity jurisdiction.

ORDER

IT IS ORDERED that:

1. Plaintiffs' motion to stay the proceedings, Dkt. 61, is DENIED.

2. This case is DISMISSED for lack of subject matter jurisdiction.

3. The clerk of court is ordered to enter judgment in favor of defendant John Doe and close this case.

Entered February 13, 2018.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge